cc: ACK / Mr. Emrit
mailed entire filed
docs to r. 11/15/18 -b

# IN AND FOR THE U.S. DISTRICT COURT OF HAWAII

(300 Ala Moana Boulevard, C-338

Honolulu, Hawaii 96850)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 9 2018

at 4 o'clock and 30 min P M
SUE BEITIA, CLERK

Ronald Satish Emrit, )
   Plaintiff (Pro Se) )
) C.A. No. CV18 00443 ACK KJM
v. )
)
Montevista Mental Hospital, )
   Defendant )
)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the sole defendant which has committed negligence or negligence per se in accordance with a jurisdiction that may recognize pure or modified comparative negligence as opposed to contributory negligence and/or assumption of the risk. In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

1.) The plaintiff alleges that the sole defendant has committed negligence pursuant to the doctrine of res ipsa loquitur in which complicated issues of causation-in-fact or proximate cause need not be shown.

2.) The plaintiff alleges that the sole defendant has either directly committed this act of negligence as a principal acting on behalf of an agent and/or the defendant should be held vicariously liable through the doctrine of respondeat superior (with regards to independent contractors which may be found to be in their scope of employment without engaging in a frolic and detour).

1

3.) Accordingly, any agents acting on behalf of the defendant as a principal also have the apparent, actual, express, and implied authority to bind the defendant to contract with regards to any subsequent matters that may be found relevant to a material breach of contract analysis using the parol evidence rule, Statute of Frauds, promissory estoppel (for a substitute for consideration), and/or the doctrine of anticipatory repudiation.

4.) The plaintiff is also alleging that the defendant has committed an inherent violation of Title VII of the Civil Rights Act of 1964.

## II.) PARTIES TO THIS LITIGATION

4.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Nevada. His current mailing address is 4529 Townwall Street, Las Vegas, NV 89115. His cell phone number is currently (301)537-8471 and his primary email address is einsteinrockstar2@outlook.com.

5.) The sole defendant is "doing business as" (d/b/a) Montevista Mental Hospital with various hospital locations throughout the country. Its principal place of business (ppb) and/or nerve center is located at the following address: 5900 W Rochelle Ave, Las Vegas, NV 89103. Its telephone number is (702) 364-1111.

## III.) JURISDICTION AND VENUE

8.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

9.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

10.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the Central District of California (as an Article III court) has jurisdiction over this matter because

2

there is complete diversity of jurisdiction between the Plaintiff and the sole defendant.

11.) As an Article III court, the U.S. District Court for the Central District of California also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964.

12.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

13.) Because the amount in controversy exceeds $75,000 (i.e. $250,000 is greater than $75.000), this court also has jurisdiction with regards to that particular issue.

## IV.) STATEMENT OF FACTS

14.) On or around November of 2016, the plaintiff ended up in Montevista Behavioral Hospital as he had been having suicidal ideations (SI) after having broken up with his ex-girlfriend Nicole Rocio Leal-Mendez, who is currently a resident of the Dallas/Fort Worth, TX metropolitan area.

15.) The doctors at Montevista Hospital had prevented the plaintiff from voting in the 2016 presidential election (i.e. the general election between Donald Trump and Hillary Rodham Clinton).

16.) The plaintiff could not vote by absentee ballot because it was too late to register for this kind of voting.

## V.) COUNT ONE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

17.) The doctors at Montevista Hospital had prevented the plaintiff from voting in the 2016 presidential election (i.e. the general election between Donald Trump and Hillary Rodham Clinton).

18.) The plaintiff could not vote by absentee ballot because it was too late to register for this kind of voting.

19.) Furthermore, the plaintiff could not vote by emergency ballot either.

3

20.) The plaintiff wrote a letter to the FBI about this denial of Equal Protection in addition to his substantive and procedural due process rights pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution.

21.) The plaintiff argues that his right to vote is also inherent from his right to privacy and is protected by the Privileges and Immunities Clause of Article IV, Section 2, Clause 1 of the U.S. Constitution.

22.) Moreover, the plaintiff expressed his concerns over the phone to the Nevada Democratic party, Clark County Board of Elections, and the Nevada GOP/Republican Party, and American Civil Liberties Union (ACLU).

23.) The plaintiff argues that the ACLU had constitutional standing, causation, and redressability to take this "denial of voting rights" case on his behalf but "cathy" of the ACLU declined to take this case notwithstanding the fact that the Americans with Disabilities Act of 1990 (ADA) also protects disabled people from being "discriminated against" with regards to civil liberties (such as voting rights).

24.) In addition, the plaintiff felt very disrespected when Dr. Faisal Suba (at Montevista) and his cohort (the plaintiff's psychiatrist) were laughing at the plaintiff because of the fact that the psychiatrists did not believe that the plaintiff was a law school graduate (from Saint Thomas University School of Law in Miami Gardens, FL) and a songwriter, publicist, and recording artist in the music.

25.) Accordingly, the plaintiff sent CD's of his debut album "Unleash the Beast" (from Walmart.com) to the psychiatrist Dr. Faisal Suba (and his cohort) at Montevista Hospital.

## VI.) PRAYER FOR RELIEF

WHEREFORE, Plaintiff is seeking damages in the amount of $250,000 (two hundred and fifty thousand dollars) against the sole defendant for its commission of the torts of negligence and the intentional infliction of emotional distress (IIED). In bringing

4

forth this prayer for relief, the plaintiff states avers and alleges the following:

A.) This judgment amount of $250,000 would be considered punitive, compensatory, actual, presumed, special, and treble damages for the defendant's commission of the aforementioned tortious acts.

B.) This judgment amount of $250,000 would also be considered to be expectation, reliance, restitution, incidental, and consequential damages for the defendants' commission of a material breach of contract.

C.) While punitive damages are disallowed pursuant to the common law of contracts, Uniform Commercial Code (U.C.C.), and/or Restatement (Second) of Contracts, liquidated damages may also be applicable given that a valid enforceable contract existed between the plaintiff and the sole defendant

D.) Accordingly, a discussion of quantum meruit and unjust enrichment may also be applicable. This contract does not have caveat emptor or "buyer beware" provision.

D.) Plaintiff would also like to seek the equitable remedy of an injunction and/or specific performance mandating that the defendant allow the plaintiff to be re-entered into a longer term program for health care for disabled people with bipolar disorder, schizoaffective disorder, and/or post-traumatic stress disorder (PTSD)

Respectfully submitted,

/s/ Ronald Satish Emrit

5108 Cornelias Prospect Drive

Bowie, MD 20720

(301)537-8471

einsteinrockstar2@outlook.com

einsteinrockstar@hotmail.com