IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | Civil No. 18-00443 ACK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED IN DISTRICT COURT |
| MONTEVISTA MENTAL | ) | WITHOUT PREPAYING FEES OR |
| HOSPITAL, | ) | COSTS AND DISMISS THE |
| | ) | COMPLAINT WITHOUT |
| Defendant. | ) | PREJUDICE |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING
FEES OR COSTS AND DISMISS THE COMPLAINT WITHOUT REJUDICE

On November 9, 2018, Plaintiff Ronald Satish Emrit ("Plaintiff"), proceeding pro se, filed a Complaint against Defendant Montevista Mental Hospital ("Defendant").  ECF No. 1.  That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 3.  The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's IFP Application.  The Court also FINDS

AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for the reasons set forth below.

## DISCUSSION

I.  Plaintiff's IFP Application

Courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiff's IFP Application indicates that Plaintiff receives $805 in monthly disability payments and has $730 in monthly expenses. *See* ECF No. 3 at 2, 5. The Court finds that, based on the information provided in the IFP Application, Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees). Accordingly, the Court recommends that the district court grant Plaintiff's IFP Application.

II.  Plaintiff's Complaint

The Court must subject each civil action commenced pursuant to § 1915(a) to a mandatory screening and order the dismissal of any claim that it finds

"frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because Plaintiff is appearing pro se, the Court liberally construes his Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's Complaint asserts various tort and contract-based claims based on events that began in or around November 2016 and continued thereafter. *See* ECF No. 1 at ¶ 14. The Complaint alleges that Plaintiff is a resident of the State of Nevada. *Id.* at ¶ 4. The Complaint alleges that Nevada is Defendant's principal place of business. *Id.* at ¶ 5. The factual allegations for Plaintiff's claims against Defendant also occurred in Nevada. *Id.* at ¶¶ 14-25.

Pursuant to 28 U.S.C. § 1391, a civil action may be filed in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1)-(2). If there is no district in which an action may otherwise be brought, an action can be filed in any judicial district in which any defendant is subject to personal jurisdiction. *See id.* § 1391(b)(3). Based on Plaintiff's Complaint, it appears that

Defendant resides in Nevada and all the events giving rise to Plaintiff's claims occurred in Nevada. *See* ECF No. 1. There is no indication in the Complaint that any events occurred in Hawaii or that Defendant may be subject to personal jurisdiction in Hawaii. *Id.* In addition, the Court notes that Plaintiff alleges that the U.S. District Court for the Central District of California has jurisdiction over this case on the grounds of diversity. *See id.* at ¶ 10. This allegation indicates that Plaintiff may not have intended to file his action in this district. Accordingly, the Court finds that the United States District Court for the District of Hawaii is not the proper venue for Plaintiff's Complaint.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Based on the information in Plaintiff's Complaint, it does not appear that Plaintiff would be time-barred from refiling this action in another venue. Thus, in these circumstances, the Court finds that it is not in the interest of justice to transfer this action. Accordingly, the Court recommends that the district court dismiss the Complaint without prejudice for want of venue. Plaintiff may pursue his claims in the proper court.

4

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1. GRANT Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs; and

2. DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, December 21, 2018.



 /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Emrit v. Montevista Mental Hosp.*, CV 18-00443 ACK-KJM; Findings and Recommendation to Grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and Dismiss the Complaint Without Prejudice