ORIGINAL

CC: ACK/KJM/π

# IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII
( 300 Ala Moana Blvd # C338, Honolulu, HI 96850)

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
MAR 0 8 2019
at 5 o'clock and 00 min. P M
SUE BEITIA, CLERK
LS

Ronald Satish Emrit,  )
   Plaintiff (Pro Se)  )
                       ) C.A. No.: 1:2018cv00443

V.  )
                       )

Montevista Mental Hospital,  )
   Defendant  )

UNPAID.
NO IFP SUBMITTED.
LS

***

## NOTICE OF APPEAL

COMES NOW, the plaintiff Ronald Satish Emrit, who is filing this notice of appeal in accordance with Rule of 4 of the Federal Appellate Procedures (F.R.A.P.). In filing this notice of appeal, the plaintiff states, avers, and alleges the following:

1.) The Ninth Circuit Court of Appeals in San Francisco, CA should reverse and remand the holding of this case with specific instructions that the trial court should allow this case to proceed to discovery because there is a "genuine issue of material fact" between the adversarial parties and this case or controversy is ripe for adjudication.

2.) In addition, the plaintiff/appellant has standing, causation, and redressability to bring this cause of action against all four of the defendants/respondents because of the fact this case does not involve a non-justiciable political question, it does not require the rendering of an advisory opinion, and it does not involve the application of an unlawful bill of attainder or ex post facto law.

3.) The plaintiff/appellant has not been getting his mail through no fault of his own and has missed important deadlines and documents with regards to the preliminary phases of this case.

4.) The Plaintiff's sister, Lisa Haynes, had unexpectedly been returning the plaintiff's mail back to the senders when she had previously informed the

plaintiff/appellant that she would hold onto the plaintiff's mail (sent to Hagerstown, MD).

5.) To protect his procedural and substantive due process rights, the plaintiff should be given new deadlines and copies of older documents should be mailed to one of the two plaintiff's new addresses provided in the separate notice of a change of address.

6.) The plaintiff/appellant has not yet received any Report and Recommendation (R&R) issued by the magistrate judge or any "Order to Show Cause" by the presiding judge. If these documents had been previously mailed to the plaintiff/appellant, then he should be given the opportunity to respond to these documents and perhaps provide an amended complaint.

7.) If a new hearing is scheduled after this case is remanded back to the U.S. District Court for the District of Southern California, the plaintiff/appellant respectfully requests that he be allowed to appear at the hearing via Skype, Whatsapp, or that he be able to participate in the hearing via his cellphone.

8.) The U.S. District Court for the District of Rhode Island and the Magistrate Judge Lincoln D. Almond allowed the plaintiff/appellant to appear at a hearing via his cellphone.

9.) In his divorce case in the early parts of 2016, the Broward County Courthouse and Judge Susan Greenhawt with the Seventeenth Judicial District Court allowed the plaintiff/appellant to appear at a mediation/arbitration event involving Alternative Dispute Resolution (ADR) conducted by his attorney Thomas Austin, Esquire and the attorney of the plaintiff ex-wife, i.e. Nadine Girault, Esquire whose office was at 4804 Commercial Blvd. in Tamarac, FL.

10.) Pursuant to Rule 201 of the Federal Rules of Evidence (FRE), the court can take judicial notice that the plaintiff/appellant was allowed to conduct at least one hearing (held in Rhode Island) and one mediation event (in Fort Lauderdale, FL) over the cellular phone.

11.) The plaintiff/appellant needs to appear via Skype, Whatsapp, or via his cellphone specifically because of the fact that the plaintiff/appellant is indigent, disabled, and unemployed and can not currently afford to travel to the Atlanta, GA area.

WHEREFORE, the plaintiff/appellant now files this notice of appeal to have this case sent to the Appellate Court in the Ninth Circuit Court of Appeals in San Francisco, CA specifically because of the fact that the plaintiff has missed deadlines to respond to previous documents which he has never received. Accordingly, the plaintiff has been homeless through no fault of his own and has not had a specific address where he could be found for more than a relatively short period of time. The "relation back doctrine" may be applicable to the particular case at hand.

Respectfully submitted,

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
(301)537-8471
einsteinrockstar@hotmail.com
einsteinrockstar2@outlook.com